IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE BENCHMARK GROUP, INC., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | NO. 07-2630 |
| v. | : | |
| | : | |
| PENN TANK LINES, INC., | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM AND ORDER

BUCKWALTER, S.J.                                                                                                        January 30, 2008

        Presently before the Court are Defendant's Motion to Dismiss (Docket No. 4), Plaintiff's Response in Opposition (Docket No. 7), Defendant's Reply (Docket No. 8), and Plaintiff's Sur-Reply (Docket No. 9).  For the reasons stated below, Defendant's Motion to Dismiss is granted in part and denied in part.

        The parties are familiar with the facts and therefore the Court will not restate them.  Count I of Plaintiff's Complaint states a claim for Breach of Contract.  At a minimum, the Complaint alleges facts supporting an inference of bad faith on Defendant's part.  Therefore, Defendant's Motion to Dismiss is denied as to Count I.

        Counts II and III of Plaintiff's Complaint state claims of Quantum Meruit and Promissory Estoppel, respectively.  "In Pennsylvania, 'the quasi-contractual doctrine of unjust enrichment (quantum meruit) [is] inapplicable where the relationship between the parties is founded on a written agreement or express contract.'"  Levit v. Kutcher, 28 Pa. D. & C.4th 14, 28 (Pa. Com. Pl. 1996) (quoting Hershey Foods Corp. v. Ralph Chapek, Inc., 828 F.2d 989, 999 (3d Cir. 1987)).  Likewise, "promissory estoppel has no application when parties have entered into an

enforceable agreement." Synesiou v. Designtomarket, Inc., Civ. A. No. 01-5358, 2002 WL 501494, at *4 (E.D. Pa. Apr. 3, 2002) (citing Carlson v. Arnot-Ogden Memorial Hosp., 918 F.2d 411, 416 (3d Cir. 1990)).  In the present case, there is no dispute that the parties entered into an enforceable written agreement.  Therefore, Defendant's Motion to Dismiss is granted as to Counts II and III.

AND NOW, this 30th day of January, 2008, upon consideration of Defendant's Motion to Dismiss (Docket No. 4), Plaintiff's Response in Opposition (Docket No. 7), Defendant's Reply (Docket No. 8), and Plaintiff's Sur-Reply (Docket No. 9), it is hereby **ORDERED** that Defendant's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Defendant's Motion to Dismiss is **DENIED** as to **Count I**.

2. Defendant's Motion to Dismiss is **GRANTED** as to **Count II** and **Count III**.

BY THE COURT:

*s/ Ronald L. Buckwalter, S. J.*
RONALD L. BUCKWALTER, S.J.